IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BENJAMIN BESTEDER, JR., | ) | CASE NO. 3:15 CV 2092 |
| | ) | |
| Petitioner, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| JOHN COLEMAN, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

## Introduction

Before me[1] is the petition of Benjamin Besteder, Jr. for a writ of habeas corpus under 28 U.S.C. § 2254.[2]  Besteder was convicted by a Lucas County Court of Common Pleas jury in 2013 of discharge of a firearm upon or over a public road or highway and three counts of felonious assault[3] and is serving a sentence of thirty-seven years.[4]  He is currently incarcerated at the Toledo Correctional Institution in Toledo, Ohio.[5]

---

[1] This matter was referred to me under Local Rule 72.2 by United States District Judge James S. Gwin by non-document order dated November 16, 2015.

[2] ECF # 1.

[3] ECF #9-1 at 12.

[4] ECF #1.

[5] http://www.drc.state.oh.us/OffenderSearch

Besteder raises four grounds for habeas relief.[6] The State in its return of the writ argues that the petition should be dismissed as grounds one, three and four are procedurally defaulted and ground two is without merit.[7] Besteder has filed a traverse.[8]

For the reasons that follow, I will recommend Besteder's petition be denied in part and dismissed in part as is more fully set forth below.

## Facts

### A.    Underlying facts, conviction, and sentence

The facts that follow come from the decision of the appeals court.[9]

Appellant was indicted on one count of discharging a firearm upon or over a public road or highway, three counts of felonious assault, and one count of participating in a criminal gang.[10] Additionally, the specifications for discharging a firearm from a motor vehicle were attached to all counts except participating in a criminal gang.[11] The charges

---

[6] ECF # 1.

[7] ECF # 9.

[8] ECF # 13.

[9]  Facts found by the state appellate court on its review of the record are presumed correct by the federal habeas court. 28 U.S.C. § 2254(e)(1); *Mason v. Mitchell*, 320 F.3d 604, 614 (6th Cir. 2003) (citing *Sumner v. Mata*, 449 U.S. 539, 546-47 (1981)).

[10] ECF #9-1 at 62.

[11] *Id*.

-2-

stemmed from a drive-by shooting that occurred on May 25, 2013, at a softball field adjacent to Robinson Junior High School in Toledo.[12]

A jury trial was conducted over a three-day period beginning on October 7, 2013.[13] At the conclusion of trial, the jury found appellant guilty of all counts and specifications, with the exception of participating in a criminal gang, which was dismissed by the State.[14] The trial court continued the sentencing and ordered a pre-sentence investigation report.[15]

On October 29, 2013, the court sentenced Besteder to a prison term of eight years on each of the four counts for which he was found guilty, to be served consecutively.[16] Additionally, the court imposed a mandatory five-year consecutive sentence for each specification.[17]  The court then ordered the specifications merged for a single five-year sentence.[18] When aggregated, the sentences imposed resulted in a prison term of 37 years.[19]

---

[12] *Id*.

[13] *Id*.

[14] *Id*.

[15] *Id*.

[16] *Id*.

[17] *Id*.

[18] *Id.*

[19] *Id*. at 63.

-3-

**B.** **Direct Appeal**

*1.* *Ohio Court of Appeals*

Besteder, through counsel, filed a timely[20] notice of appeal[21] to the Ohio Court of Appeals. On December 13, 2013, Besteder filed an amended notice of appeal.[22] In his brief, Besteder asserted one assignment of error:[23]

> 1. The trial court erred in ordering maximum sentences and ordering them to be served consecutively.

The state filed a brief in response.[24] The Ohio appeals court overruled the assignment of error and affirmed the decision of the trial court.[25]

---

[20] Under Ohio App. Rule 4(A), to be timely, a party must file a notice of appeal within 30 days of the judgment being appealed. *See*, *Smith v. Konteh*, No. 3:04CV7456, 2007 WL 171978, at *2 (N.D. Ohio Jan. 18, 2007) (unreported case). Besteder's conviction and sentence were journalized on October 29, 2013 (*id.* at 12) and the notice of appeal was filed on November 15, 2013. *Id.* at 15.

[21] *Id.* at 15.

[22] *Id*. at 18.

[23] *Id*. at 23.

[24] *Id.* at 46.

[25] *Id.* at 61.

## 2. *The Supreme Court of Ohio*

Besteder, *pro se*, thereupon filed a timely[26] notice of appeal with the Ohio Supreme Court.[27] In his brief in support of jurisdiction, he raised one proposition of law:[28]

> 1. A court must sentence offenders with sentences for similar crimes committed by similar offenders which are consistent within the State of Ohio, pursuant to R.C. 2929.11 (B).

The state filed a waiver of memorandum in response.[29]  On March 11, 2015, the Ohio Supreme Court declined to accept jurisdiction of the appeal under S.Ct.Prac.R. 7.08(B)(4).[30]

The record indicates that Besteder did not file a writ of certiorari from the Supreme Court of the United States.[31]

---

[26] *See* Ohio S.Ct.Prac.R. 7.01(A)(5)(b) (To be timely, a notice of appeal must be filed within 45 days of entry of the appellate judgment for which review is sought.); *See*, *Applegarth v. Warden*, 377 F. App'x 448, 450 (6th Cir. 2010) (discussing forty-five day limit) (unreported case).  Here, the appellate judgment was entered on August 29, 2014 and the notice of appeal filed in the Supreme Court on October 6, 2014.

[27] *Id.* at 67.

[28] *Id*. at 71.

[29] *Id*. at 85.

[30] *Id*. at 86.

[31] ECF # 1 at 2.

### 3.    *App.R.26(B) Application to Reopen Appeal*

On December 1, 2014, Besteder, *pro se*, filed an App.R. 26(B) application for reopening and a memorandum in support.[32] Besteder raised the following four (4) assignments of error

> 1.    The trial court failed to consider the offense of Discharge of a Firearm upon or over a public road or highway as an allied offense of similar import to his Felonious assault convictions, pursuant to R.C. 2941.25.[33]
>
> 2.    The trial court failed to consider any mitigating factors when sentencing the Appellant, pursuant to R.C. 2929.12 (C) and there were no factors under R.C. 2929.12 to justify the sentence of 37 years.[34]
>
> 3.    The trial court permitted the witness, Earnest Reed, to testify to hearsay, and as an expert witness, when he presented evidence as to the severity of his injury and the medical risk of removing the bullet.  A violation of Defendant's right to confrontation under the Sixth Amendment.[35]
>
> 4.    The trial court determined at sentencing that "because [Defendant has] the ability to work costs shall be imposed" (Sentencing Tr., page 21). Defendant is indigent and therefore costs should have been waived.[36]

On February 11, 2015, the Court of Appeals denied Besteder's application  finding that it was without merit.[37]

---

[32] *Id*. at 87.

[33] *Id*. at 92.

[34] *Id*.

[35] *Id*.

[36] *Id*.

[37] *Id*. at 117.

On March 23, 2015, Besteder, *pro se*, filed an appeal to the Ohio Supreme Court.[38] In Besteder's memorandum in support of jurisdiction, he raised the following four propositions of law:[39]

1. Where a facial question of allied offenses of similar import presents itself, a trial court judge has a duty to inquire and determine whether those offenses should merge and commits plain error in failing to inquire and determine whether such offenses are allied offenses of similar import under R.C. 2941.25.

2. Where a defendant has factors in his case which mitigate the offender's conduct, a sentence less than maximum is the appropriate penalty pursuant to R.C. 2929.12(C) and therefore excessive sentences are contrary to law.

3. Under Ohio Rules of Evidence, when a victim is permitted to testify regarding medical diagnosis or treatment as an expert witness the court violates EvidR 803 §(4), and Defendant's Constitutional right to Confrontation under the Sixth Amendment is violated.

4. When a trial court determines at sentencing that the Defendant is indigent for the purposes of counsel for appeal purposes, and at the same time finds that the Defendant has the ability to work and imposes costs, the two decisions are contradictory, and therefore, costs should be rescinded.

On May 20, 2015, the Ohio Supreme Court declined jurisdiction under S.Ct.Prac.R. 7.08(B)(4).[40]

---

[38] *Id*. at 125.

[39] *Id*. at 129.

[40] *Id*. at 150.

## C.    Petition for writ of habeas corpus

On October 8, 2015, Besteder, *pro se*, timely filed[41] a federal petition for habeas relief.[42] As noted above, he raise four grounds for relief:

<blockquote>

**GROUND ONE:**       The Petitioner's constitutional rights to Confrontation were violated when the trial court permitted hearsay testimony by a witness; and his right to effective assistance of counsel was violated when counsel failed to object to this line of questioning.

**Supporting Facts**:       One of the victims in this case was permitted to testify as to a medical professional's opinion regarding the severity of his injury and the risk involved in removing the bullet.  The Petitioner contends that had he been able to confront the medical professional the victim referred to, he would of been able to refute the severity of the injury and therefore have evidence to support mitigating circumstances at sentencing.  At the very least the trial counsel should have objected to the questioning. His failure to do so resulted in Ineffective assistance of counsel. Nevertheless, the Appellate court believes that the testimony of Mr. Reed did not affect the outcome of the trial and that if it were presumed hearsay it would still be found that any attendant error in admitting the testimony was harmless.  Mr. Besteder adamantly disagrees and believes it had a direct and prejudicial effect in the trial court's decision to sentence to him to such a severe penalty with

</blockquote>

---

[41]  The present petition for federal habeas relief was filed on October 8, 2015. ECF # 1.  As such, it was filed within one year of the conclusion of Besteder's direct appeal in the Ohio courts and so is timely under 28 U.S.C. § 2254(d)(1).  The Ohio Supreme Court declined to accept jurisdiction of Besteder's App.R.26 application for reopening pursuant to S.Ct.Prac.R. 7.08(B)(4) on May 20, 2015.

[42] ECF # 1.

maximum and consecutive sentences, and therefore, it altered the outcome of the trial. The medical professional who examined the victim should have been called to testify by the state, or the victim should not have been permitted to testify as to the testimonial statements of the medical professional. Because the Court permitted this testimonial statement by the victim there was a manifest injustice which needs to be corrected.

**GROUND TWO**:  Petitioner's counsel at both the trial and appellate process were ineffective within the meaning of the U.S. Constitution.

**Supporting Facts:**  Trial counsel failed to object to multiple errors during the trial, especially by failing to object [sic] hearsay issue, and failed to call witnesses to refute the State's witnesses. Appellate counsel was ineffective for failing to raise any errors but the sentencing issue when there were multiple errors to address. Additional errors had to be raised on a pro se application to reopen the appeal. This action was denied, more than likely due to Petitioner's lack of legal knowledge in these matters.

**GROUND THREE:**  The trial court failed to consider the offense of Discharge of a firearm upon or over a public road or highway as an allied offense of similar import to his Felonious assault convictions, a violation of the double jeopardy clause of the U.S. Constitution and Ohio R.C. 2941.25. Furthermore, when this issue was filed with the Sixth District Court of Appeals, the court did not address the error as required.

**Supporting Facts:**  Mr. Besteder was convicted of one count of Discharging a firearm on or near a prohibited premises, and three counts of Felonious assault. These offenses, when sentenced separately,

violates the double jeopardy clause of the United States and Ohio Constitution. Because the court relied in the same conduct to support this conviction and the convictions for the Felonious assaults, he cannot be sentenced to both crimes.

**GROUND FOUR:** The sentence that Mr. Besteder received for his convictions were excessive and amounted to cruel and unusual punishment under the Eighth Amendment to the U.S. Constitution.

**Supporting Facts:** Mr. Besteder, who was only 18 years old at the time of the offense, was sentenced to a 37 year sentence for firing 3 shots near a crowd of people. It was his first adult adjudication and only one person was shot, and that person did not suffer any life threatening injuries. Furthermore, there was no evidence presented that Mr. Besteder shot at the crowd, but only in the same vicinity, demonstrating that there was no intent to harm more than one person. Even assuming arguendo, that Mr. Besteder shot with total disregard for the risk of injury to the persons present, the result of his actions to [sic] not amount to such a severe sentence because the record does not support this crime as the "most heinous" and because the judge claims on the record that she is sentencing him to such a severe sentence, not for injury caused, but rather, the risk of the injury he didn't cause. The Ohio statute for Felonious assault, a second degree felony, is a maximum of 8 years. Shooting a firearm from a moving vehicle is an additional 5 year sentence, amounting to 13 years. Although the sentence is within the range permitted for these crimes, the excessive and cruel punishment of 37 years in this case violates his constitutional rights and does not allow Mr. Besteder a meaningful opportunity for rehabilitation.

-10-

# Analysis

**A.    Preliminary observations**

Before proceeding further, I make the following preliminary observations:

1.    There is no dispute that Besteder is currently in state custody as the result of his conviction and sentence by an Ohio court, and that he was so incarcerated at the time he filed this petition. Thus, he meets the "in custody" requirement of the federal habeas statute vesting this Court with jurisdiction over the petition.[43]

2.    There is also no dispute, as detailed above, that this petition was timely filed under the applicable statute.[44]

3.    In addition, Besteder states,[45] and my own review of the docket of this Court confirms, that this is not a second or successive petition for federal habeas relief as to this conviction and sentence.[46]

4.    Moreover, subject to the procedural default arguments raised by the State, it appears that these claims have been totally exhausted in Ohio courts by virtue of having been presented through one full round of Ohio's established appellate review procedure.[47]

---

[43] 28 U.S.C. § 2254(a); *Ward v. Knoblock*, 738 F.2d 134, 138 (6th Cir. 1984).

[44] 28 U.S.C. § 2254(d)(1); *Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000).

[45] *See*, ECF # 1 at 11.

[46] 28 U.S.C. § 2254(b); *In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006).

[47] 28 U.S.C. § 2254(b); *Rhines v. Weber*, 544 U.S. 269, 274 (2005); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).

-11-

5.     Finally, Besteder is not represented by counsel,[48] he has requested the appointment of counsel,[49] which was denied.[50]   He  has not requested an evidentiary hearing to develop the factual bases of his claims.[51]

**B.     Standards of review**

*1.     AEDPA review*

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),[52], codified at 28 U.S.C. § 2254, strictly circumscribes a federal court's ability to grant a writ of habeas corpus.[53]  Pursuant to AEDPA, a federal court shall not grant a habeas petition with respect to any claim adjudicated on the merits in state court unless the state adjudication:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established [f]ederal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the [s]tate court proceeding.[54]

---

[48] 28 U.S.C. § 2254(h); Rule 8(c), Rules Governing 2254 Cases.

[49] ECF # 3.

[50] ECF # 10.

[51] 28 U.S.C. § 2254(e)(2).

[52] Pub. L. No. 104-132, 110 Stat. 1214 (1996).

[53]  *See* 28 U.S.C. § 2254 (2012).

[54]  28 U.S.C. § 2254(d) (2012).

The Supreme Court teaches that this standard for review is indeed both "highly deferential" to state court determinations,[55] and "difficult to meet,"[56] thus, preventing petitioner and federal court alike "from using federal habeas corpus review as a vehicle to second-guess the reasonable decisions of state courts."[57]

a.      *"Contrary to" or "unreasonable application of" clearly established federal law*

Under § 2254(d)(1), "clearly established Federal law" includes only Supreme Court holdings and does not include dicta.[58]  In this context, there are two ways that a state court decision can be "contrary to" clearly established federal law:[59] (1) in circumstances where the state court applies a rule that contradicts the governing law set forth in a Supreme Court case,[60] or (2) where the state court confronts a set of facts that are materially indistinguishable from a Supreme Court decision, but nonetheless arrives at a different result.[61]  A state court's decision does not rise to the level of being "contrary to" clearly established federal law simply because that court did not cite the Supreme Court.[62]  The state

---

[55] *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (citation omitted).

[56] *Id.* (citation omitted).

[57] *Rencio v. Lett*, 559 U.S. 766, 779 (2010).

[58] *Howes v. Fields*, 132 S.Ct. 1181, 1187 (2012) (quoting *Williams v. Taylor*, 529 U.S. 362, 412 (2000)).

[59] *Brumfield v. Cain*, 135 S.Ct. 2269, 2293 (2015).

[60] *Id.*

[61] *Id.*

[62] *Mitchell v. Esparza*, 540 U.S. 12, 16 (2003) (per curiam).

court need not even be aware of the relevant Supreme Court precedent, so long as neither its reasoning nor its result contradicts it.[63]  Under the "contrary to" clause, if materially indistinguishable facts confront the state court, and it nevertheless decides the case differently than the Supreme Court has previously, a writ will issue.[64]  When no such Supreme Court holding exists the federal habeas court must deny the petition.

A state court decision constitutes an "unreasonable application" of clearly established federal law when it correctly identifies the governing legal rule, but applies it unreasonably to the facts of the petitioner's case.[65]  Whether the state court unreasonably applied the governing legal principle from a Supreme Court decision turns on whether the state court's application was objectively unreasonable.[66]  A state court's application that is "merely wrong," even in the case of clear error, is insufficient.[67]  To show that a state court decision is an unreasonable application, a petitioner must show that the state court ruling on the claim being presented to the federal court "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."[68]  Under the "unreasonable application" clause, the federal habeas court must

---

[63]  *Id.*

[64]  *See id.*

[65]  *White v. Woodall*, 134 S.Ct. 1697, 1699 (2014) (quoting *Williams v. Taylor*, 529 U.S. 362, 407 (2000).

[66]  *Id.*(quoting *Lockyear v. Andrade*, 538 U.S. 63, 75-76. (2003).

[67]  *Id.*

[68]  *Id.* (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

grant the writ if the State court adopted the correct governing legal principle from a Supreme Court decision, but unreasonably applied that principle to the facts of the petitioner's case.

b.      *"Unreasonable determination" of the facts.*

The Supreme Court has recognized that § 2254(d)(2) demands that a federal habeas court accord the state trial courts substantial deference:[69]   Under § 2254(e)(1), "a determination of a factual issue made by a [s]tate court shall be presumed to be correct."[70] A federal court may not characterize a state court factual determination as unreasonable "merely because [it] would have reached a different conclusion in the first instance."[71] While such deference to state court determinations does not amount to an "abandonment or abdication of judicial review"or "by definition preclude relief,"[72] it is indeed a difficult standard to meet.   "The role of a federal habeas court is to guard against extreme malfunctions in the state criminal justice systems, not to apply *de novo* review of factual findings and to substitute its own opinions for the determination made on the scene by the trial judges."

---

[69]  *Brumfield*, 135 S.Ct. at 2277.

[70] 28 U.S.C. § 2254(e)(1) (2012).

[71]  *Brumfield*, 135 S.Ct. at 2277 (quoting *Wood v. Allen*, 558 U.S. 290, 301 (2010).

[72]  *Id.* (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003) ("If reasonable minds reviewing the record might disagree about the finding in question, on habeas review that does not suffice to supersede the trial court's determination.") (internal quotation marks omitted)).

-15-

## 2.      *Ineffective assistance of appellate counsel*

Under *Strickland v. Washington*,[73] a petitioner establishes ineffective assistance of counsel by showing first that counsel's performance was deficient and then that this deficient performance prejudiced the petitioner by rendering the proceeding unfair and the result unreliable.[74]  Although *Strickland* involved the ineffective assistance of trial counsel, a comparable test applies to claims of ineffective assistance of appellate counsel.[75]  In either instance, both prongs of the *Strickland* test must be met in order for the writ to be granted; thus, courts need not address the issue of competence if the claim can be disposed of for failure to show prejudice.[76]

In reviewing counsel's performance, the court recognizes that counsel is presumed to have rendered adequate assistance.[77]  The reviewing court must not engage in hindsight but should evaluate counsel's performance within the context of the circumstances existing at the time of the alleged errors.[78]

---

[73] *Strickland v. Washington*, 466 U.S. 668 (1984).

[74] *Id*. at 687.

[75] *Bowen v. Foltz*, 763 F.2d 191, 194 (6th Cir. 1985).

[76] *Strickland*, 466 U.S. at 697.

[77] *Id*. at 690.

[78] *Id*.

-16-

The key is not whether counsel's choices were strategic but whether they were reasonable.[79]  To that end, counsel has a duty to make reasonable investigation into possible alternatives but, having done so, will be presumed to have made a reasonable decision in choosing.[80]

In the context of appeal, an appellate attorney need not raise every possible issue on appeal to be effective.[81]  Effective appellate advocacy often requires that the attorney select only the most promising issues for review.[82]  In addition, there can be no ineffectiveness in failing to argue a non-meritorious issue.[83]

With respect to the prejudice prong, the petitioner must show that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.[84]  A reasonable probability is a probability sufficient to undermine confidence in the outcome.[85]

---

[79] *Roe v. Flores-Ortega*, 528 U.S. 470, 481 (2000).

[80] *Strickland*, 466 U.S. at 691.

[81] *Jones v. Barnes*, 463 U.S. 745, 752 (1983).

[82] *Id.*

[83] *Strickland*, 466 U.S. at 698.

[84] *Id*. at 694.

[85] *Id.*

-17-

3.      *Procedural default*

A claim not adjudicated on the merits by a state court is not subject to AEDPA review.[86]  Such a claim is subject to procedural default if a petitioner failed to raise it when state court remedies were still available, the petitioner violated a state procedural rule.[87]  The petitioner must afford the state courts "opportunity to pass upon and correct alleged violations of its prisoners' federal rights."[88]  This requires a petitioner to go through "one complete round" of the state's appellate review process,[89] presenting his or her claim to "*each appropriate state court.*"[90]  A petitioner may not seek habeas relief then if he or she does not first "fairly present[] the substance of his [or her] federal habeas corpus claim to the state courts."[91]

When a state asserts a that violation of a state procedural rule is the basis for default in a federal habeas proceeding, the Sixth Circuit has long employed a four-part to test determine whether the claim is procedurally defaulted.[92]  A petitioner's violation of a state

---

[86] *See Harrington v. Richter*, 562 U.S. 86, 98 (2011).

[87] *West v. Carpenter*, 790 F.3d 693, 697 (6th Cir. 2015).

[88] *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam) (citation omitted).

[89] *Boerckel*, 526 U.S. at 845.

[90] *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (emphasis added).

[91] *West*, 790 F.3d at 697 (quoting *Picard v. Connor*, 404 U.S. 270, 278 (1971) (internal quotation marks omitted).

[92] *See Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986) (outlining four-part test); *see Landrum v. Mitchell*, 625 F.3d 905, 916-17 (6th Cir. 2010) (applying test post-AEDPA).

procedural rule will bar federal review if the state procedural rule satisfies the standards set

out in the test:[93]

(1) "[T]here must be a state procedure in place that the petitioner failed to follow."[94]

(2) "[T]he state court must have denied consideration of the petitioner's claim on the ground of the state procedural default."[95]

(3) "[T]he state procedural rule must be an 'adequate and independent state ground,'[96] that is both 'firmly established and regularly followed.'"[97]

(4) The petitioner cannot demonstrate either "cause for the default and actual prejudice as a result of the alleged violation of federal law," or "that failure to consider the claims will result in a fundamental miscarriage of justice."[98]

In order to show "cause" for the default, the petitioner must show that "some objective

factor external to the defense impeded counsel's efforts to comply with the State's procedural

rule."[99]  In order to show "prejudice" for the default, the petitioner must show that the errors

---

[93] *Jells v. Mitchell*, 538 F.3d 478, 488 (6th Cir. 2008).

[94] *Id.* (citing *Maupin*, 785 F.2d at 138).

[95] *Id.*

[96] *Id.* (quoting *Maupin*, 785 F.2d at 138). ("A state procedural rule is an independent ground when it does not rely on federal law.") (citing *Coleman v. Thompson*, 501 U.S. 722, 732).

[97] *Id.* (citation omitted).

[98] *Id.* (quoting *Coleman*, 501 U.S. at 750).

[99] *Id.* (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

at trial "worked to [his or her] *actual* and substantial disadvantage, infecting [the] entire trial with error of constitutional dimensions."[100]

Additionally, "a credible showing of actual innocense" may also excuse an otherwise defaulted claim, and effectively allow a petitioner to seek review.[101] Notwithstanding these elements, the Supreme Court has held that a federal habeas court need not consider an assertion of procedural default before deciding a claim against the petitioner on the merits.[102]

## C.    Application of standards

The State argues that all of Besteder's grounds for habeas relief are procedurally defaulted, except for that portion of Ground Two alleging ineffective assistance of appellate counsel.[103]

For his part, Besteder appears to agree that only the claim of ineffective assistance of appellate counsel has been presented through all levels of the Ohio review procedure[104] and

---

[100] *Id.* (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original).

[101] *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1931 (2013); *see Schulp v. Delo*, 513 U.S. 298, 324 (1995) (explaining that a "credible" claim requires "new reliable evidence" and factual innocence beyond legal insufficiency).

[102] *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997); *see Wade v. Timmerman-Cooper*, 785 F.3d 1059, 1077 (6th Cir. 2015) ("[O]n occasion [the Sixth Circuit] has reached beyond the procedural-default analysis to address the underlying claim on the merits when it presents a more straightforward ground for decision.") (citation omitted).

[103] ECF # 9 at 8.

[104] ECF # 13 at 3.

to concede that "claims other than ineffective assistance of appellate counsel may not be properly raised in an application to reopen pursuant to App. R. 26(B)."[105]  But he further argues that his other claims remain viable here because "constitutionally ineffective assistance of counsel may serve as cause and prejudice for the claims defaulted due to that ineffectiveness."[106]

### 1.    *Ineffective assistant of appellate counsel*

That said, the ineffective assistance claim in Ground Two must be addressed first. The Ohio appeals court began its thorough review of Besteder's ineffective assistance argument by setting forth the well-known *Strickland* standard of review applicable to such claims:

> "An application for reopening shall be granted if there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R.26(B)(5).  Whether a genuine issue of ineffective assistance of appellate counsel exists is determined by the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  *State v. Reed*, 74 Ohio St.3d 534, 535, 660 N.E.2d 456 (1996).

> First, Besteder "must show that counsel's performance was deficient," which can be achieved by demonstrating that counsel's representation fell below an objective standard for reasonableness.  *Strickland* at 687-688.  Under this prong, it is well-settled that appellate counsel is not ineffective for failing to raise every conceivable assignment of error on appeal. *Jones v. Barnes*, 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983); *State v. Campbell*, 69 Ohio St.3d 38, 53, 630 N.E.2d 339 (1994).  Moreover, "judicial scrutiny of counsel's performance must be highly deferential * * * a court must indulge a strong presumption that counsel's conduct falls within the wide range of

---

[105] *Id*. at 5.

[106] *Id*. (citing *Edwards v. Carpenter*,

reasonable professional assistance." *State v. Bradley*, 42 Ohio St.3d 136, 142, 538 N.E.2d 373 (1989), quoting *Strickland* at 689.

Second, Besteder "must show that the deficient performance prejudiced the defense." *Strickland* at 687.  To establish prejudice, he "must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *Id.* at 694.[107]

Then, the reviewing court identified all four of the grounds that Besteder alleged his

appellate counsel improperly failed to raise on direct appeal:

Besteder argues that his appellate counsel was deficient for failing to raise the following issues:

I.    The trial court failed to consider the offense of Discharge of a firearm upon or over a public road or highway as an allied offense of similar import to his Felonious assault convictions, pursuant to R.C. 2941.25.

II.   The trial court failed to consider any mitigating factors when sentencing the Appellant, pursuant to R.C. 2929.12(C) and there were no factors under R.C. 2929.12 to justify the sentence of 37 years.

III.  The trial court permitted the witness, Earnest Reed, to testify to hearsay, and as an expert witness, when he presented evidence as to the severity of the injury and the medical risk of removing the bullet.  A violation of Defendant's right to confrontation under the Sixth Amendment.

IV.   The trial court determined at sentencing that "because [Defendant has] the ability to work costs shall be imposed." * * * Defendant is indigent and therefore costs should have been waived.[108]

---

[107] ECF # 9, Attachment at 118-19.

[108] *Id.* at 119-20.

At this point the Ohio appeals court individually analyzed each of the three grounds asserted by Besteder under the *Strickland* standard.[109]

a.    *Merger of counts/allied offenses*

This claim, which Besteder presents as Ground Three in the current petition for habeas relief, was discussed by the Ohio court as follows:

> As to his merger argument, we note that Besteder's convictions stemmed from his decision to open fire on a crowd of over 100 people.  Thus, at sentencing, the court stated:
>
>> Mr. Besteder, you are being sentenced today on four felonies of the second degree. * * * They include as to Count 1, discharge of a firearm upon or over a public highway.  Also as to Count 3, felonious assault, and that is as to Egbert Flanigan, that's a felony of the second degree.  As well as Count 2, felonious assault, the victim in that is Ernest Reed.  And as to Count 4 * * * felonious assault, that's as to Azzie Flanigan.
>
> Given the fact that Besteder's convictions were tied to separate victims, we find no merit to his argument that they should merge.  *See State v. Poole*, 8th Dist. Cuyahoga No. 80150, 2002-Ohio-5065, ¶ 33-34 (finding that two convictions for felonious assault should not merge where the evidence showed that defendant fired shots into a vehicle occupied by two individuals); *State v. Love*, 4th  Dist. Hocking No.46CA16, 2014-Ohio-1603, ¶ 21 ("Because Appellant's aggravated robbery and felonious assault convictions involved two different victims, the imposition of multiple punishments does not offend double jeopardy principles or R.C. 2941.25.  The offenses are of dissimilar import because each offense involved a different victim.").
>
> Accordingly, appellate counsel was not ineffective for failing to raise the merger argument.[110]

---

[109] *Id.* at 120-24.

[110] *Id.* at 120-21.

*b.*     *Excessive sentence/mitigating factors*

This claim, asserted as part of Ground Four of the present petition, was considered by

the Ohio appeals court as set forth below:

> We now turn to Besteder's contention that the trial court failed to consider any mitigating factors under R.C. 2929.12(C) when sentencing him.  The factors listed in R.C. 2929.12(C) are as follows:
>
>> (1) The victim induced or facilitated the offense.
>>
>> (2) In committing the offense, the offender acted under strong provocation.
>>
>> (3) In committing the offense, the offender did not cause or expect to cause physical harm to any person or property.
>>
>> (4) There are substantial grounds to mitigate the offenders conduct, although the grounds are not enough to constitute a defense.
>
> Upon review of the record, we find no merit to Besteder's argument under R.C. 2929.12(C).  Notably, the facts of this case make it clear that none of the mitigating factors are present with respect to Besteder's conduct.  Moreover, Besteder has offered no evidence to support a finding that any of the mitigating factors are involved in this case.
>
> As to Besteder's assertion that there were no factors under R.C. 2929.12 to justify his sentence, we have already addressed the trial court's imposition of sentence in this case, concluding that the sentence was not contrary to law. *Besteder*, 6th Dist. Lucas No. L-13-1257, 2014-Ohio-3760, at ¶ 11.  In arriving at our conclusion, we highlighted the trial court's statement that it "considered the record, oral statements, any victim impact statement and presentence report prepared, as well as the principles and purposes of sentencing under R.C. 2929.11, and has balanced the seriousness and recidivism factors under R.C. 2929.12." *Id*. The trial court's sentence is further supported by the court's findings at the sentencing hearing.  In particular, the court noted the extreme nature of Besteder's conduct in firing a semiautomatic weapon into a crowd of over 100 people.   The court went on to indicate that the evidence presented at trial revealed that Besteder is a " very very dangerous individual." Given

-24-

that the trial court's extensive findings to support its sentence, coupled with the fact that appellate counsel already raised these issues in Besteder's prior appeal, we find no merit to Besteder's argument regarding the trial court's imposition of sentence.[111]

c.    *Hearsay*

The Ohio court reviewed the argument, now asserted as Ground One, that the trial court erroneously permitted a victim to offer hearsay testimony about the severity of his wounds, finding that although the testimony may have been impermissible hearsay, the admission of that testimony was harmless, and that the failure to raise this claim on appeal did not constitute ineffective assistance, because the testimony had no effect on the outcome of the proceedings:

> As his third issue, Besteder urges [sic] that the trial court erroneously permitted one of the victims, Earnest Reed, to offer hearsay testimony and to testify as an expert witness regarding the severity of his injury and the medical risk of removing the bullet from his buttocks.
>
> At trial, Reed testified that doctors informed him that the bullet that struck him in the buttocks would not be removed. When questioned why the bullet was unable to be removed, Reed stated: "[The doctors] said if they were to remove it that it was a potential chance that I could have been paralyzed or by them opening up the wound they were scared that it was going to get infected." Besteder takes issue with this testimony, arguing that it contains hearsay that should have been offered by the medical professional who determined that the bullet could not be removed.
>
> Having examined Reed's testimony, we find that the doctors' reasons for leaving the bullet inside Reed's buttocks had no impact on the outcome of the proceeding. Thus, even assuming Besteder is correct in his assertion that the foregoing testimony contained inadmissable hearsay, we find that any attendant error in admitting the testimony was harmless. Crim.R. 52(A).

---

[111] *Id.* at 121-22.

Consequently, we find that Besteder's appellate counsel was not ineffective for failing to raise the hearsay issue in Besteder's appeal.[112]

Finally, the Ohio appellate court concluded that because the issues raised by Besteder do not give rise to a reasonable probability that the result on appeal would have been different if they had been asserted in the first instance by his appellate attorney, Besteder was not deprived of the effective assistance of appellate counsel.[113]

In reviewing the decision of the appellate court concerning the claim of ineffective assistance of appellate counsel, which is here presented as Ground Two, as federal habeas courts have frequently stated, a double deference applies.

First, *Strickland* directs the reviewing court to make the "strong presumption" that counsel made any challenged decision "in the exercise of reasonable professional judgment," and thus to recognize the "wide latitude" given to counsel in making tactical decisions.[114] Second, the decision of the state appeals court must be accorded deference if there is "any reasonable argument" that counsel's performance was professionally reasonable.[115]

In this case, the decision of the Ohio appeals court as to the claim of ineffective assistance of appellate counsel was not an unreasonable application of the clearly established federal law of *Strickland*. To the extent that Besteder also claims ineffective assistance of

---

[112] *Id.* at 122-23.

[113] *Id.* at 123-24.

[114] *Strickland*, 466 U.S. at 689-90.

[115] *Davis v. Carpenter*, 798 F.3d 468, 474 (6th Cir. 2015)(citation and internal quotation omitted).

trial counsel, and such claim was not part of Besteder's Ohio App. Rule 26(B) application that was reviewed and rejected by the Ohio appeals court, that claim should be dismissed as procedurally defaulted as not properly before the court in the Rule 26(B) application, not raised in the direct appeal, and not the subject of a petition for post conviction relief under Ohio Rev. Code § 2953.21.

**2.**     ***Procedural default***

As discussed above, Besteder concedes that Grounds One, Three, and Four are procedurally defaulted as not presented through all levels of the Ohio Appellate review process.  He argues, nevertheless, that his appellate counsel's failure to raise these grounds on direct appeal constitutes cause and prejudice excusing that default.   Because appellate counsel was not constitutionally ineffective for failing to pursue those grounds, there exists no cause or prejudice preserving them for federal habeas review.

## Conclusion

I recommend the denial of Ground Two on the merits.  Moreover, because the ineffective assistance of appellate counsel raised in Ground Two has no merit, I recommend dismissing Grounds One, Three and Four as procedurally defaulted.

Dated: January 13, 2017                           s/ William H. Baughman, Jr.
                                                  United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[116]

---

[116] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).