UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                                    :
BENJAMIN BESTEDER, JR.,            :        CASE NO. 3:15 CV 2092
                                                    :
      Petitioner,                        :
                                                    :
vs.                                              :        OPINION AND ORDER
                                                    :        [Resolving Doc. 1]
JOHN COLEMAN, Warden,            :
                                                    :
      Respondent.                      :
                                                    :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

      Benjamin Besteder, Jr., petitions for habeas corpus relief under 28 U.S.C. § 2254.[1]  He

alleges four grounds for relief.[2] Magistrate Judge William H. Baughman, Jr., filed a Report and

Recommendation ("R&R") in this case.[3] He recommends that the petition be denied in part and

dismissed in part.[4] Petitioner objects to the R&R.[5]

      For the following reasons, the Court **OVERRULES in part and ADOPTS in part**

Petitioner's objections to the R&R, **OVERRULES in part and ADOPTS in part** the R&R, and

**DENIES** Petitioner's § 2254 petition.

## I. Background

      Petitioner Besteder argues that his lawyers provided ineffective assistance of counsel by

failing to object to hearsay testimony and by failing to object to a lengthy sentence.

      In May 2013, Petitioner was involved in a drive-by shooting near a junior high school in

Toledo, Ohio.[6] In October 2013, a Lucas County, Ohio jury convicted Petitioner of discharge of

---

[1] Doc. 1. Respondent filed a return of writ. Doc. 9. Petitioner Besteder filed a traverse. Doc. 13.
[2] Doc. 1.
[3] Doc. 14.
[4] *Id*. at 2.
[5] Doc. 15.
[6] Doc. 9-1 at 62.

Case No. 3:15 CV 2092
Gwin, J.

a firearm upon or over a public road or highway and three counts of felonious assault.[7] The trial

court sentenced him to a 37-year imprisonment.[8]

Petitioner appealed the trial court's ruling.[9] In Besteder's state court appeal, he argued

that the trial court erred by ordering maximum sentences and ordering them to be served

consecutively.[10] The Ohio appeals court affirmed the trial court's decision.[11]

Besteder then filed a timely notice of appeal to the Supreme Court of Ohio. He argued

that a court must sentence similar offenders consistently.[12] In March 2015, the Supreme Court of

Ohio declined to accept jurisdiction of the appeal.[13]

In December 2014, Besteder moved to reopen his appeal in state court.[14] He raised four

assignments of error:

> 1. The trial court failed to consider the offense of Discharge of a Firearm
> upon or over a public road or highway as an allied offense of similar
> import to his Felonious assault convictions, pursuant to R.C. 2941.25.
>
> 2. The trial court failed to consider any mitigating factors when
> sentencing the Appellant, pursuant to R.C. 2929.12(C) and there were
> no factors under R.C. 2929.12 to justify the sentence of 37 years.
>
> 3. The trial court permitted the witness, Earnest Reed, to testify to
> hearsay, and as an expert witness, when he presented evidence as to the
> severity of his injury and the medical risk of removing the bullet. A
> violation of Defendant's right to confrontation under the Sixth
> Amendment.
>
> 4. The trial court determined at sentencing that "because [Defendant has]
> the ability to work costs shall be imposed" (Sentencing Tr., page 21).
> Defendant is indigent and therefore costs should have been waived.[15]

---

[7] *Id*. Case No. CR-13-1858.
[8] *Id*. at 63.
[9] *Id*.
[10] *Id*.
[11] *Id*. at 65.
[12] *Id*. at 71.
[13] *Id*. at 86.
[14] *Id*. at 87.
[15] *Id*. at 92.

Case No. 3:15 CV 2092
Gwin, J.

In February 2015, the Ohio appeals court denied Besteder's application.[16]  In March

2015, Besteder appeals to the Ohio Supreme Court.[17] He argued:

> 1. Where a facial question of allied offenses of similar import presents
> itself, a trial court judge has a duty to inquire and determine whether
> those offenses should merge and commits plain error in failing to
> inquire and determine whether such offenses are allied offenses of
> similar import under R.C. 2941.25.
>
> 2. Where a defendant has factors in his case which mitigate the offender's
> conduct, a sentence less than maximum is the appropriate penalty
> pursuant to R.C. 2929.12(C) and therefore excessive sentences are
> contrary to law.
>
> 3. Under Ohio Rules of Evidence, when a victim is permitted to testify
> regarding medical diagnosis or treatment as an expert witness the court
> violates EvidR 803 §(4), and Defendant's Constitutional right to
> Confrontation under the Sixth Amendment is violated.
>
> 4. When a trial court determines at sentencing that the Defendant is
> indigent for the purposes of counsel for appeal purposes, and at the
> same time finds that the Defendant has the ability to work and imposes
> costs, the two decisions are contradictory, and therefore, costs should
> be rescinded.[18]

In May 2015, the Ohio Supreme Court declined jurisdiction.[19]

On October 8, 2015, Besteder filed a petition seeking a writ of habeas corpus under 28

U.S.C. § 2254.[20] He argues (1) admission of hearsay testimony violated his Confrontation Clause

rights, and his lawyer's failure to object violated his right to effective assistance of counsel;[21] (2)

his trial and appellate counsel provided ineffective assistance;[22] (3) the trial court's failure to

consider his discharge of a firearm charge to be an "allied offense" of his felonious assault

---

[16] *Id*. at 124.
[17] *Id*. at 126.
[18] *Id*. at 129.
[19] *Id*. at 150.
[20] Doc. 1.
[21] *Id*. at 5.
[22] *Id*. at 6.

Case No. 3:15 CV 2092
Gwin, J.

charges violates the right against double jeopardy;[23] (4) his sentence amounts to cruel and unusual punishment under the Eighth Amendment.[24]

The Government argued that Petitioner procedurally defaulted grounds one, three, and four.[25]

Petitioner responded with two somewhat inconsistent arguments. Petitioner stated that "while the heading of [his arguments in grounds one, three, and four] may have changed[,] the facts and the underlining issues of law remained the same throughout the appellate process."[26] The Court reads this argument to mean that Petitioner does not admit procedural default.

Petitioner also "agree[d]," however, "that the claims raised in his Application to reopen his direct appeal" were "not preserve[d]."[27] He stated that his defaulted claims could nonetheless be addressed through his ineffective assistance of appellate counsel claim.[28] The Court understands this statement to mean that, in response to the Government's procedural default argument, Besteder acknowledged that not all of his claims were ripe for habeas review.

On January 13, 2017, Magistrate Judge Baughman issued an R&R recommending that the petition be denied in part and dismissed in part.[29] The R&R recommends that ground two be denied because it fails on the merits. The R&R further finds that because ground two failed on the merits, grounds one, three, and four should be dismissed for procedural default.[30]

Petitioner objects to the R&R.[31] He argues (1) that his second claim does not fail on the merits; and (2) that his other three claims are not procedurally defaulted because he presented

---

[23] *Id.* at 8. Petitioner also asserts that the Ohio appeals court's failure to consider this argument was an error.
[24] *Id.* at 9.
[25] Doc. 9.
[26] Doc. 13 at 3.
[27] *Id.*
[28] *Id.* at 5.
[29] Doc. 14.
[30] *Id.*
[31] Doc. 15.

Case No. 3:15 CV 2092
Gwin, J.

them in his motion to reopen his appeal.[32]

## II. Legal Standard

The Federal Magistrates Act requires a district court to conduct a de novo review only of those portions of the R&R to which the parties have properly objected.[33] A district court may adopt without review parts of the R&R to which no party has objected.[34]

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")[35] controls habeas review of state court proceedings. AEDPA generally requires that a petitioner exhaust all of his available state court remedies before seeking habeas relief.[36] To satisfy the exhaustion requirement, the state courts must have "one full opportunity to resolve any constitutional issues."[37] A district court will not consider a habeas petitioner's "contentions of federal law . . . not resolved on the merits in the state proceeding due to [a petitioner's] failure to raise them there as required by state procedure."[38]

## III. Discussion

### Ground Two

Besteder argues that his appellate counsel's services were constitutionally inadequate.[39] When a habeas petitioner brings an ineffective assistance of counsel claim, a "doubly deferential judicial review . . . applies."[40]

---

[32] *Id.*
[33] 28 U.S.C. § 636(b)(1).
[34] *Thomas v. Arn*, 474 U.S. 140, 149 (1985).
[35] 28 U.S.C. § 2254.
[36] 28 U.S.C. § 2254(b)(1)(A).
[37] *O'Sullivan v. Boerckel*, 526 U.S. 838, 838 (1999).
[38] *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977); *see also Lundgren v. Mitchell*, 440 F.3d 754, 763–64 (6th Cir. 2006).
[39] In his petition, Besteder also argues that his trial counsel was ineffective. Doc. 1 at 5. This claim is procedurally defaulted, as it was presented in neither the direct appeal nor the motion to reopen.
[40] *See, e.g.*, *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (citing *Yarborough v. Gentry*, 540 U.S. 1, 5–6 (2003)).

-5-

Case No. 3:15 CV 2092
Gwin, J.

The right to effective assistance of counsel "is denied when a defense attorney's performance falls below an objective standard of reasonableness and thereby prejudices the defense."[41] "If a state court has already rejected an ineffective-assistance claim, a federal court may grant habeas relief if the decision was 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'"[42] The state court's application of federal law "must be shown to be not only erroneous, but objectively unreasonable."[43]

On appeal, Besteder argued that his counsel was ineffective for failing to argue that (1) the firearm and assault convictions should have merged; (2) Besteder's sentence was excessive; (3) the Court considered inadmissible hearsay; and (4) costs should have been waived.[44]

The Ohio appeals court was not "objectively unreasonable" in denying these claims. First, the court reasonably determined that Besteder's offenses were "tied to separate victims" and therefore should not have merged.[45]

Second, the court determined that mitigating factors did not apply to Besteder's case because Besteder's conduct was so egregious.[46] Thus, his sentence was "not contrary to law."[47]

Third, the court reasonably concluded that even if hearsay testimony was improperly admitted, it "had no impact on the outcome of the proceeding."[48]

---

[41] *Yarborough*, 540 U.S. at 5 (citing *Wiggins v. Smith*, 539 U.S. 510, 521 (2003); *Strickland v. Washington,* 466 U.S. 668, 687 (1984)).
[42] *Id.* (citing 28 U.S.C. § 2254(d)(1)).
[43] *Id.* (citing *Wiggins*, *supra*, at 520-521; *Woodford v. Visciotti,* 537 U.S. 19, 24-25 (2002); *Williams v. Taylor,* 529 U.S. 362, 409 (2000)).
[44] Doc. 9-1 at 92.
[45] *Id.* at 120.
[46] *Id.* at 121-122 (noting that Petitioner "fire[d] a semiautomatic weapon into a crowd of over 100 people").
[47] *Id.* at 122.
[48] *Id.* at 123.

Case No. 3:15 CV 2092
Gwin, J.

Last, the court found that because Petitioner had an income, counsel was not ineffective for failing to challenge payment of costs.[49]

As Magistrate Judge Baughman correctly noted, the Ohio appeals court did not make "an unreasonable application of clearly established federal law" in Besteder's case.[50] Thus, the Court **OVERRULES** Petitioner's objection to this portion of the R&R, **ADOPTS** this portion of the R&R, and **DENIES** Petitioner's § 2254 petition on ground two.

*Grounds One, Three, and Four*

Petitioner argues that Magistrate Judge Baughman improperly dismissed his first, third, and fourth arguments as procedurally defaulted. This Court agrees in part.

In his direct appeal to the Ohio appeals court, Petitioner raised only one argument, that the trial court had erred by ordering maximum sentences and ordering them to be served consecutively.[51] This particular argument mirrors ground four of Besteder's habeas petition,[52] which he carried through the entire state appeal process.[53]

Because this particular claim was exhausted on the merits in state court, it is not procedurally defaulted.[54] However, the claim loses on the merits. Besteder's 37-year sentence is not cruel and unusual punishment.

Besteder cannot demonstrate that his 37-year sentence "is objectively unreasonable so as to constitute an unreasonable application of federal law."[55] He was sentenced within the bounds

---

[49] *Id*.
[50] Doc. 14 at 26.
[51] Doc. 9-1 at 62.
[52] Although ground four is framed as an Eighth Amendment challenge and Besteder's argument on direct appeal did not explicitly reference the Eighth Amendment, the arguments are consistent. At bottom, Besteder argued that his sentence is excessive, whether in general (habeas petition) or in comparison to other criminal defendants (direct appeal). Doc. 9-1 at 30-32 (Ohio appeals court), 74-75 (Ohio Supreme Court).
[53] *Id*. at 65 (Ohio appeals court affirms trial court); *id*. at 86 (Ohio Supreme Court declines to accept jurisdiction).
[54] *Wainwright*, 433 U.S. at 87; *see also Lundgren*, 440 F.3d at 763–64.
[55] *See Ingraham v. Wright*, 430 U.S. 651, 667 (1977); *Ewing v. California*, 538 U.S. 11, 18-20 (2003) (25-year-to-life sentence for shoplifting 3 golf clubs under state's 3 strikes law not so disproportionate as to constitute cruel and

Case No. 3:15 CV 2092
Gwin, J.

of the Ohio sentencing statute.[56] Appellate courts generally do not disturb sentences imposed for noncapital felony convictions that fall within statutorily prescribed limits.[57] Such a sentence does not amount to "cruel and unusual punishment."[58]

Therefore, although ground two is not procedurally defaulted, it nonetheless fails on the merits.

Grounds one and three, however, are procedurally defaulted. Petitioner brought neither argument on direct appeal,[59] but rather asserted them later in his application to reopen his direct appeal under Ohio Appellate Rule 26(B).[60]

The Sixth Circuit finds that "a Rule 26(B) application is a claim of ineffective assistance of appellate counsel . . . [and] bringing an ineffective assistance claim in state court based on counsel's failure to raise an underlying claim does not preserve the underlying claim for federal habeas review."[61] In other words, "a Rule 26(B) application 'based on ineffective assistance cannot function to preserve' the underlying substantive claim."[62]

Therefore, because Petitioner only presented grounds one and three for the first time in his motion to reopen his direct appeal, those claims are procedurally defaulted.

---

unusual punishment); *Lockyer v. Andrade*, 538 U.S. 63, 72-73 (2003) (50-year-to-life sentence for petty theft under 3 strikes law not cruel and unusual punishment).

[56] Under Ohio Rev. Code Ann. § 2929.14(A)(2), the maximum penalty for a second degree felony is eight years. Besteder was sentenced to eight years for each of his four felony convictions, totaling 32 years. A firearm specification results in the additional five years. Ohio Rev. Code Ann. § 2929.14(D)(1).

[57] *Harmelin v. Michigan*, 501 U.S. 957, 998 (1991).

[58] *Bryant v. Yukins*, 39 F. App'x 121, 123 (6th Cir. 2002) (finding that a sentence "within the statutory maximum penalty" does "not run afoul of the Eighth Amendment").

[59] *See* Doc. 9-1 at 62.

[60] *Id.* at 87.

[61] *Davie v. Mitchell*, 547 F.3d 297, 312 (6th Cir. 2008) (quoting *White v. Mitchell*, 431 F.3d 517, 526 (6th Cir. 2005)).

[62] *Id.*

-8-

Case No. 3:15 CV 2092
Gwin, J.

Accordingly, the Court **OVERRULES in part and ADOPTS in part** Petitioner's

objections to the R&R, **OVERRULES in part and ADOPTs in part** the R&R, and **DENIES**

Petitioner's § 2254 petition on grounds one, three, and four.

### IV. Conclusion

For the above reasons, the Court **OVERRULES in part and ADOPTS in part**

Petitioner's objections to the R&R, **OVERRULES in part and ADOPTs in part** the R&R, and

**DENIES** Petitioner's § 2254 petition. Moreover, the Court certifies that no basis exists upon

which to issue a certificate of appealability.[63]

IT IS SO ORDERED.


Dated: January 30, 2017                                    *s/          James S. Gwin*
                                                           JAMES S. GWIN
                                                           UNITED STATES DISTRICT JUDGE

---

[63] 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).