UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------

| | | |
|---|---|---|
| BENJAMIN BESTEDER, JR., | : | CASE NO. 3:15 CV 2092 |
| Petitioner, | : | |
| vs. | : | OPINION AND ORDER |
| | : | [Resolving Doc. 20] |
| JOHN COLEMAN, Warden, | : | |
| Respondent. | : | |

-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On October 8, 2015, Petitioner Benjamin Besteder, Jr. filed a petition seeking a writ of habeas corpus under 28 U.S.C. § 2254.[1] With his petition, Besteder claims that (1) admission of hearsay testimony in his state trial violated his Confrontation Clause rights, and his lawyer's failure to object violated his right to effective assistance of counsel; (2) his trial and appellate counsel provided ineffective assistance; (3) the state trial court's failure to consider his discharge of a firearm charge to be an "allied offense" of his felonious assault charges violates the right against double jeopardy; (4) his sentence amounts to cruel and unusual punishment under the Eighth Amendment.[2]

On January 30, 2017, this Court denied the petition.[3] The Court found that Petitioner's second and fourth arguments failed on the merits, while the first and third were procedurally defaulted.[4]

---

[1] Doc. 1.
[2] *Id.* at 5, 6, 8, 9.
[3] Doc. 17.
[4] *Id.*

Case No. 3:15 CV 2092
Gwin, J.

Petitioner now moves for reconsideration of the Court's denial of his habeas petition.[5]

The Federal Rules of Civil Procedure do not describe motions to reconsider. The Sixth Circuit, however, has held that a motion to vacate and reconsider may be treated under Federal Rule of Civil Procedure 59(e) as a motion to alter or amend a judgment.[6] Such a motion is extraordinary and is seldom granted because it contradicts notions of finality and repose.[7]

Under Rule 59(e), a court may grant a motion to amend or alter its judgment if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) manifest injustice.[8] But, a reconsideration motion is not an opportunity to re-litigate previously decided matters or present the case under new theories.[9]

Petitioner Besteder reasserts his habeas arguments,[10] but does not present a clear error, any new evidence, an intervening change in law, or manifest injustice.[11]

Accordingly, the Court **DENIES** Petitioner's motion.

The Court issues a certificate of appealability.[12] Petitioner Besteder may appeal the Court's denial of his habeas petition.

IT IS SO ORDERED.

Dated: March 22, 2017         *s/      James S. Gwin*
                              JAMES S. GWIN
                              UNITED STATES DISTRICT JUDGE

---

[5] Doc. 20. The Court previously granted Petitioner's motion for a 30-day extension to file the instant motion. Docs. 18, 19.
[6] *Smith v. Hudson*, 600 F.2d 60, 62 (6th Cir. 1979) ("[A] motion which asks a court to vacate and reconsider, or even to reverse its prior holding, may properly be treated under Rule 59(e) as a motion to alter or amend a judgment.").
[7] *Wells Fargo Bank v. Daniels*, No. 1:05-CV-2573, 2007 WL 3104760, at * 1 (N.D.Ohio Oct.22, 2007); *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F.Supp. 644, 669 (N.D.Ohio 1995).
[8] *Gencorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).
[9] *See Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998).
[10] *Compare* Doc. 1 at 5, 6, 8, 9 *with* Doc. 20 at 4-7.
[11] *See* Doc. 20.
[12] 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).